UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMES EDWARD SCHMIDT,

        Plaintiff,                Case No. 1:11-cv-1207

v.                                     Honorable Robert J. Jonker

HEALTHCARE SERVICES et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on immunity grounds and/or for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Carson City Correctional Facility (DRF) but complains of events that occurred at the Duane Walters Hospital (DWH) and the Lakeland Correctional Facility (LCF). In his *pro se* complaint, Plaintiff sues the following Defendants: Healthcare Services, Michigan Department of Corrections (MDOC), LCF Nurse Gerald E. Mitchell, LCF Dr. Don H. Smith, DWH Dr. Tyra S. McKinney, DRF Physician's Assistant Kent D. Filsinger, LCF Nurse Diane Schwarz, and the MDOC Health Services Director.

In this action, Plaintiff alleges (verbatim):

I am legally blind 65 yrs. old in a wheelchair

(1) Claim is: Being confined to a wheelchair prior to being incarcerated on Jan. 14, 2011 I had Traveres (Grand) ex ray both of my knees by Orthopedic Surgeon Doctor Bruder also x-rayed by at All Sports Medicine Orthopedic Surgeon Dr. McDaniels of which both surgeons concurred on different dates and medical facilities that I needed knee replacements of both knee's, on Jan. 10, 2011 I had a orthopedic surgeon in Gayload Michigan once again x-ray both knees and scheduled knee replacements for February 14, 2011 at Otsego Memoral Hospital in Gaylord Mich. I was incarcinated by M.D.O.C. on Jan 14, 2011 and unable to have knee replacement surgeries!!! In March 2011 M.D.O.C. Dwayne Waters Hospital x-rayed both knee's and confirmed knee replacement required!!!

(2) All defendants have denied me my knee replacements to date at M.D.O.C. and I have been in severe pain and suffering since Jan. 14, 2011 and prior.

(3) I am petitioning for healthcare services at M.D.O.C. to have both knee replacement surgeries!!

(Compl., docket #1, Page ID#3.)

**Discussion**

I. <u>Immunity</u>

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

    A.    **Eighth Amendment**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. CONST. AMEND. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately

indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Because Plaintiff's personal doctors and the Duane Walters Reed Hospital qualified him as a candidate for a total knee replacement, the Court finds that the condition of Plaintiff's knees is sufficiently serious to meet the objective component of the Eighth Amendment test. For the

subjective component, however, Plaintiff makes no factual allegations that would support a conclusion that any of the Defendants were deliberately indifferent to his knee condition. Plaintiff only conclusory alleges that Defendants denied his request for knee replacement surgery. Plaintiff does not provide any other factual allegations against the individual Defendants.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.") There is nothing in Plaintiff's allegations which supports the subjective component of an Eighth Amendment claim. Accordingly, Plaintiff fails to state an Eighth Amendment claim against Defendants.

In addition, to the extent Plaintiff sues any of the Defendants because of his or her supervisory role over other Defendants, he fails to state a claim. Government officials may not be

held liable under § 1983 for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

        B.    **Motions**

Also pending before the Court are two motions filed by Plaintiff. In his first motion (docket #6), Plaintiff argues that he was discriminated against when two previous cases were dismissed by the Court because Plaintiff is Jewish, sixty-five years old, disabled and blind. Plaintiff also requests that all court documents be formatted on audio cassette tapes and that a legal writer be provided to assist him. As for his discrimination claims, Plaintiff's allegations are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555. Because this Court is dismissing Plaintiff's complaint, it is not necessary for the Court to provide Plaintiff with audio cassette tapes or for the prison to provide Plaintiff with a legal writer. Moreover,

Plaintiff articulates his arguments in his court filings without any issue. Accordingly, Plaintiff's motion (docket #6) will be denied.

In his second motion (docket #7), Plaintiff requests a stay of all of his proceedings. On December 27, 2011, the court rejected a similar joint motion filed by Plaintiff in Case No. 1:10-cv-307 (W.D. Mich.), Case No. 1:11-cv-1162 (W.D. Mich.), Case No. 1:10-cv-1198 (W.D. Mich.), and Case No. 1:11-cv-1133 (W.D. Mich.). *See In re James Edward Schmidt*, Case No. 1:11-cv-1133, Dec. 27, 2011 Order Rejecting Pleading, docket #8, Page ID#22 (W.D. Mich.) Because all of those cases have been closed and the Court is dismissing Plaintiff's instant action on immunity grounds and/or for failure to state a claim, a stay is not necessary. Accordingly, Plaintiff's motion (docket #7) will be denied as moot.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on immunity grounds and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment and Order consistent with this Opinion will be entered.


                                                  /s/Robert J. Jonker
                                                 ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2012